

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

EDBIN RAMIREZ, )
)
Petitioner, )
)
v. ) Civil Action No. 1:18-cv-00709 (UNA)
)
UNITED STATES OF AMERICA, )
)
Respondent. )

## MEMORANDUM OPINION

This matter is before the Court on its initial review of Petitioner's *pro se* motion for modification of sentence pursuant to 18 U.S.C. § 3582(c)(2) and application for leave to proceed *in forma pauperis*. The Court will grant the application and dismiss the Petitioner's motion for lack of jurisdiction.

Petitioner was sentenced in the District of Columbia Superior Court in case nos. 2011-CMD-7434 and 2011-CF3-010322. Petitioner now seeks modification of his sentence(s) from consecutive to concurrent, pursuant to 18 U.S.C. § 3582(c)(2). This Court lacks subject matter jurisdiction to modify the Petitioner's sentence.

D.C. Code § 23-110 vests subject matter jurisdiction to entertain collateral attacks upon Superior Court sentences in that court. Thus, prisoners serving sentences imposed by the Superior Court must file motions challenging their sentences in that court; federal courts are generally without jurisdiction to entertain motions to vacate, set aside, or correct a sentence imposed by the District of Columbia Superior Court. *See Swain v. Pressley*, 430 U.S. 372, 377-78, 97 S.Ct. 1224, 1227-28, 51 L.Ed.2d 411 (1977); *Saleh v. Braxton*, 788 F.Supp. 1232 (D.D.C.1992).

Petitioner now argues that his sentence should be modified based on good behavior while incarcerated. However, the Petitioner was neither sentenced in this Court nor pursuant to the federal guidelines. Accordingly, this Court currently has no authority to reduce the sentence of the Petitioner. As the Petitioner was sentenced in both cases before the District of Columbia Superior Court, and as he has not provided any relevant justification for jurisdiction in this Court, this case will be dismissed. A separate order accompanies this Memorandum Opinion.

Date: 4/24/18

United States District Judge